### Peck *vs.* Mead, executor, &c.

Monies arising
from the sale
of real property in *another
state*, on an order of a court
of probate
there, are not
assets in the
hands of the
executor here,
and cannot be
so averred in a
replication to a
plea of *plene
administravit.*

DEMURRER to pleadings. The declaration is in assumpsit for goods, wares and merchandise *sold and delivered to the* testator in his life time. Plea, non assumpsit and *plene administravit.* Replication, *precludi non*, because the executor, at the commencement of this suit, had a sufficient sum of money in his hands, as such executor, arising from the sale of real estate whereof the testator died seized in the state of Connecticut, to pay and satisfy the demand of the plaintiff; which sale was made by virtue of an order of a *court of probate in Connecticut*, on the petition of the executor, stating that the personal property of the testator had all been expended, and was insufficient to the payment of his debts, and praying a sale of so much of the real estate of the testator as would be sufficient to pay and satisfy such debts, the amount of which was stated. The defendant demurred.

*J. L. Wendell*, for plaintiff.

*E. Williams*, for defendant.

*By the Court,* MARCY, J. This case, I apprehend, is distinguishable from that of *Campbell, admr.* v. *Tousey, exr. of Booth,* (7 *Cowen,* 64.) The defendant in that case was sued as an executor *de son tort.* He had assets received by him in Pennsylvania, (where the will had been regularly proved,) which he brought into this state, and he had collected assets here. He was held liable to the amount of the assets received here and in Pennsylvania, which he had not applied in the due course of administration. In the case of *Tappen* v. *Kain and another, executors of Rhea,* (12 *Johns. R.* 120,) this court held that executors are not responsible at law immediately to the creditors, where the whole real estate is sold ; and the truth or falsity of the plea of *plene administravit* is to be determined by reference to the amount of the *inventory only.*

To consider the amount received by the defendant in this case from the sale of the real estate in Connecticut, liable to be drawn from his hands by suit here, might, and probably would, involve the defendant in difficulties and responsibilities in Connecticut. If the estate of the testator was treated in Connecticut as that of an insolvent, the avails of the sale cannot be regarded as legal assets in his hands here. By the statute of Connecticut on this subject, (*Public Acts of* 1821, *p.* 212,) the funds raised by the sale of the estate are to be appropriated to pay, 1. The funeral charges and expenses of the sale ; 2. The debts for the last sickness ; 3. Taxes and debts due the state ; and 4. Debts due creditors, as allowed by certain commissioners, *in proportion to the sum found due.* The defendant is under bonds to the court in Connecticut to dispose of the avails of the sale of the real estate pursuant to the laws of that state, and it would be manifestly improper, by any proceedings in our courts in reference to the funds obtained in Connecticut, to embarrass the defendant in the discharge of the duties incumbent upon him there. The case would not be essentially altered, if the sale of the real property was under that provision of the laws of Connecticut which allows the executor to dispose of such a portion of the real estate of the testator as is required to satisfy those debts which he did not provide for, and which the

personal property is insufficient to pay. The executor can in that case only sell for the debts and charges allowed by the court in Connecticut. If the plaintiff's demand in this case has not been allowed by that court, the defendant cannot appropriate the avails of the sale to pay it; if it has been so allowed, the plaintiff's remedy is by an application to the court, which can compel the defendant to perform his duty by a resort to. the bond which he has given with sureties.

The funds mentioned in the replication were obtained by the defendant for specific objects, and in the application of them, he is subject to the coutrol of the court of probate in Connecticut, and they cannot, therefore, be regarded as legal assets in his hands here.

                    Judgment for defendant on the demurrer.