EDMUND C. ALGER, BY HIS GUARDIAN, ETC., RESPONDENT, *v.* JOSEPH C. ALGER, APPELLANT.

*Jurisdiction — when the courts of this State will not entertain jurisdiction over an action affecting trust property in another State.*

One Alice Branch died, a resident of Connecticut, in 1850, leaving a will, which was there duly admitted to probate, by which she disposed of her real and personal property, all of which was in that State. Upon the petition of the devisees an act was passed by the general assembly of that State, in 1854, by which the defendant and one Stanton were appointed trustees and authorized to sell the whole or a portion of the said real estate and invest the proceeds in certain securities, which, together with the increase therefrom, they were to hold and apply in the same manner as the real estate so sold, was itself disposed of by the will. They were required to give to a court of probate in that State a bond, with sureties, conditioned for the faithful performance of the duties of their office, and which required them to make a return of their doings to the said court and to render an annual account of the trust. No trust was created by the will, and the act was passed on account of the infancy of the persons interested and the difficulty of keeping the property in repair, etc.

One of the trustees having died this action was brought by the son of one of the devisees, who had also died, against the defendant, as surviving trustee, to compel him to account and pay over to the plaintiff the share he was entitled to receive.

*Held,* that the court should refuse to entertain jurisdiction over the action and leave the plaintiff to his remedy in the courts of the State of Connecticut, as no circumstances were shown which would prevent him from there receiving any redress to which he might be entitled.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to recover certain moneys alleged to be in the hands of the defendant, as trustee under the will of one Alice Branch, deceased.

*Duell & Benedict,* for the appellant.

*A. W. Curtis,* for the respondent.

LEARNED, P. J.:

Alice Branch, a resident of Connecticut, died there about May, 1850, having previously made her last will and testament which

was duly admitted to probate before the Probate Court of Voluntown, in that State. She was the owner at her death of real and personal estate, all in Connecticut. In May, 1854, on the petition of the devisees, the general assembly of that State passed a special act, by which this defendant and one Stanton were appointed trustees and authorized to sell the real estate of the deceased (or a certain part of it), to invest the proceeds thereof in certain securities; and to hold the principal and increase, and appropriate it to the same persons and in the same manner as the real estate is itself disposed of in said will, to carry out the ultimate interest (intent?) and purposes of said testator (testatrix?). Provided that the trustees should first give a bond to the Court of Probate for Voluntown, with surety payable to the judge thereof, his successors conditioned for the faithful performance of their duties, etc. And in case either or both should die or become incapacitated, said Court of Probate should appoint some person or persons in their place to execute the trust.

Without mentioning the provisions of the will in detail it may be here remarked that the will did not create a trust. The act was passed on account of the infancy of the persons interested and the difficulty of keeping the property in repair, etc.

Stanton and the defendant gave the bond required, and sold the property and received the avails, $3,832.72. The case states that the avails were received in January, 1854, which appears to be prior to the passage of the act. But it seems to be admitted that the sale was in pursuance of the act.

Stanton died before the commencement of this action, and the avails remain in the hands of the defendants. This action is brought by the infant son of one Silas J. Alger, who was a devisee, to recover of this defendant one-fourth of these moneys, and also one-third of one-fourth, which the plaintiff claims now belong to him under the will of said Alice Branch. The defendant resists the claim: First, upon the ground that this court ought not to entertain jurisdiction of the matter, but that the matter belongs to the courts of Connecticut. Second, that the plaintiff was not under the will entitled to recover. Third, that he was not entitled to interest.

The court rendered a judgment for the amount claimed, with interest from the death of Silas J. Alger, and the defendant appeals.

The first question then is, whether this court should take jurisdic-

tion of this action ? It may be noticed here that the defendant was executor of the will, and was probably named, for that reason, as trustee in the act. As a condition for the appointment of these trustees they were to give and did give a bond to the Court of Probate of Voluntown. This binds them to perform their duties, to make a return of their doings to the court, and an annual account of the trust.

What defense to that bond will this judgment be ? The Court of Probate has taken security that they shall return their doings to that court. If an action should be brought upon that bond, no recovery in this State would show performance of the condition. This land was property in court. When sold the avails were property in court, for which, by the very authority for the sale, the trustees were to account in Connecticut. The very able opinion in *Parsons* v. *Lyman* (20 N. Y., 103, at page 115 *et seq.*), seems to me clear on this point. The question is not here presented even of an executor appointed in one State who has received money by voluntary payment in another State. Because in this case, from first to last, the property was in Connecticut, and subject to the courts of Connecticut ; unless the fact that the trustee is now here has withdrawn the matter from their jurisdiction.

A case very similar to the present is that of *Peck* v. *Mead* (2 Wend., 470). An executor, by order of a court of probate in Connecticut, had sold lands in the State of Connecticut. He was sued in this State for a debt of the testator. It was held that the funds were not assets here. For, the court say, the defendant is under bonds to dispose of the avails pursuant to the laws of that State, and it would be manifestly improper by any proceeding in our courts, in reference to funds obtained in Connecticut, to embarrass the defendant in the discharge of duties incumbent on him there. The argument applies directly and forcibly to this case. (Story Confl. Laws, § 523.)

I do not mean to say that where an express trust is created by act of the donor, a trustee might not be called to an accounting by a *cestui que trust* in a State other than that where the deed was executed. That is not this case. There was no trust created by the testatrix. The legislature appointed persons to sell the land and account to the court of probate. The whole authority came

from the State of Connecticut, and in that State, too, lay the land. (See Story Confl. Laws, § 513, *et seq.*)

And this rule is more important inasmuch (as was said in *Parsons* v. *Lyman, ut supra*) the decision of this case must rest upon Connecticut law. It is unnecessary to cite authorities to show that the validity and the construction of this devise will depend on the law of Connecticut. And it is plain also that the statute of Connecticut authorizing a sale, made no change as to the rights of the parties, except to substitute personal for real property. The language of the act shows this; and no other construction would be tolerable. Hence in deciding whether this plaintiff or some one else is entitled to take under the devises, we should be obliged to decide by the law of Connecticut. Yet no proof of that law was given on the trial. And the learned counsel for the plaintiff, in his very able brief, has argued the question as to the effect of cross remainders and the like, and as to restraints upon alienation from the decisions and the statute law of this State. And he urges that the statute law of Connecticut will be presumed, in the absence of proof to the contrary, to be the same as our law. That is probably correct as to the common law. (*Savage* v. *O'Neil*, 44 N. Y.; 298.) That it is so as to our statutes I doubt. That the rule in Shelly's case has been abolished in New York appears to me to afford no presumption that it has been abolished in Connecticut. Or if it does, we ought not to try this case on presumptions, when there is a proper tribunal to which the defendant is accountable elsewhere.

There is another difficulty. The devise is to Isaac W., Silas J., William H. and Charles O., "each to have an equal share of my real estate during their life, then my will is to give it to their male heirs." Isaac W. is dead, leaving no male heirs, *i. e*, no male descendants. Silas J. is also dead, as above stated. The other two are living. There has been no division of the fund. William H. and Charles O. should be parties that they may be heard as to the proportion of the fund which should go to the plaintiff.

If we were to attempt a construction of this devise, we might notice certain principles. A deed to a man and to his heirs male, gave a fee simple by the common law. (Coke Lit., § 31, p. 27.) A devise to a man and his heirs male, gave an estate tail; the law supply-

ing the words " of his body." (Id.) By our statute an estate which would have been an estate tail previous to July 12, 1782, is a fee simple. (1 R. S., m. p. 722, § 3.) The devise over in the will if any one of the first takers died without male heirs (that is, without male issue), is hardly material here, as the contingency did not arise. What however may be the law as to estates tail in Connecticut, we cannot tell. Hence we are in no position to decide upon the rights of the parties.

This refusal of courts to take cognizance of such cases as the present is not always put upon the broad ground of want of jurisdiction ; but often on the ground of comity. This principle requires the courts of one State to leave courts of other States untrammeled in matters which are strictly within their control. There might be circumstances which would deprive the plaintiff of any remedy in the courts of Connecticut, and which from necessity might require this court to take cognizance of the matter. But nothing of that kind appears. The defendant is under an obligation to the judge of probate of Voluntown, payable to him and to his successors. If the defendant has not faithfully performed his duties, the obligee in the bond may enforce it. And it may be questioned whether the defendant undertook any obligation to any other person, unless upon some statutory right of action given in Connecticut on such a bond.

On the evidence before the court we think the complaint should have been dismissed without prejudice to plaintiff's rights.

The judgment should be reversed, new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and POTTER, JJ.

Judgment reversed, new trial granted, costs to abide the event.